## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction

Debtor is not the borrower under Movant's loan.  In fact, Debtor may not even know she has a supposed interest in the Property that is the subject of this Motion. Debtor is instead the transferee under a Grant Deed.  This unauthorized transfer was done solely to stop the foreclosure sale.  As a result, Movant asserts that this justifies In Rem relief, binding on the Property in accordance with 11 U.S.C. § 362(d)(4) for a period of two (2) years.

### II.   Facts

In accordance with the Declarations filed herewith, Lender asserts the following:

On January 20, 2016, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

Carlos Deleon and Yesenia Salazar are the borrowers ("**Borrowers**") on the loan secured by the subject Property located at 16590 Malaga Court, Fontana, CA 92336 ("**Property**"). Lender is the current payee of a Promissory Note dated February 26, 2009 in the principal amount of $147,283.00 (the "**Note**") secured by a First Deed of Trust of same date, which bears interest as specified therein.  The indebtedness evidenced by the Note is secured by a Deed of Trust (the "**Deed of Trust**") executed and recorded in San Berbardino County and which encumbers the Property.  The Note, Deed of Trust and all assignments are attached to the declaration of Karin Murphy as Exhibits "2-4."

On the morning of January 21, 2016, the day the foreclosure sale was scheduled to take place, Lender was informed by the foreclosure trustee that a facsimile transmission was received earlier that same day that provided notice of the unauthorized transfer, which supposedly affected the Property ("**BK Notice**").  According to the BK Notice in Lender's file, on or about January 18, 2016, Borrowers allegedly executed a Grant Deed transferring a 5% percent "interest" in the subject Property to the Debtor.  This transfer was done without Lender's

1

Memorandum of Points and Authorities    Page 2 of 3

knowledge or authorization. The Grant Deed is not recorded. A copy of BK Notice including all attachments is attached to the declaration of Karin Murphy as Exhibit "5."

This is the second (2nd) bankruptcy filing supposedly affecting the subject Property since September, 2015. A description of the bankruptcies is as follows:

**FIRST BANKRUPCTY, 6:15-bk-19383-MW**

On September 24, 2015, Original Borrower, Ysenia Salazar, filed a Petition under Chapter 7 of the Bankruptcy Code, Case No. 6:15-bk-19383-MW ("**First Bankruptcy**"). Debtor was dismissed on October 15, 2015 before Lender could file a Motion for Relief. A copy of the Dismissal Order is attached to the declaration of Karin Murphy as Exhibit "7."

**CURRENT BANKRUPCTY, 2:16-bk-10699-NB**

On January 20, 2016, the day before the scheduled foreclosure sale, Debtor filed the current bankruptcy.

### III. Argument

**In Rem Relief – 11 U.S.C. § 362(d)(4)**

Lender is seeking relief from stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" given the lack of payments and bad faith as described in the Motion and this memorandum. Lender is also requesting relief from stay, binding on the Property for a period of two years, pursuant to 11 U.S.C. § 362(d)(4) due to the unlawful transfer relating to the Property.

Courts in the 9th Circuit have held that "[t]o make the conduct actionable under § 364(d)(4), however, the scheme to hinder or delay "must be devised and contrived of malice, fraud, covin, collusion, or guile." Proof of such intent, however, is rarely based upon direct evidence. As in fraudulent conveyance cases, courts typically rely upon circumstantial evidence to establish a debtor's intent to delay, hinder or defraud creditors. Courts have identified the following circumstances as probative of a scheme to hinder, delay or defraud creditors: (1) the strategic filing of a bankruptcy petition to prevent collection, (2) multiple petitions by multiple parties to protect common property, (3) lack of evidence of changed circumstances between

2

bankruptcy filings, and (4) inability to fund a plan." *In re Hymes*, 2013 Bankr. LEXIS 664, 19-20 (Bankr. D. Alaska 2013) (citations omitted). Here, the evidence presented and the circumstances surrounding this bankruptcy indicate a clear scheme to delay and hinder Lender and the pending foreclosure.

The Debtor is not the borrower under the Loan secured by the Property and does not appear to have any legitimate interest in the Property. On January 21, 2016, Lender received notice of this bankruptcy, supposedly affecting the Property. The Grant Deed showing Debtor's claimed interest in the subject Property was supposedly executed on January 18, 2016. The supposed transfer of an unlawful interest was done without Lender's knowledge or authorization. This was an apparent scheme to delay the foreclosure and it does not appear that the Debtor has any legitimate interest in the Property. This is clearly bad faith. The BK Notice was also forwarded the day of the foreclosure merely to stop the sale.

Even if, for argument's sake, if the Debtor had no knowledge of the alleged transfers, bankruptcy courts have ruled in other matters that they have the authority to grant In Rem relief under these circumstances and pursuant to their authority under 11 U.S.C. § 362(d)(4) and 11 U.S.C. §105(a). (*See In re 4th Street E. Investors, Inc.* 474 B.R. 709 (Bank. C.D. Cal. 2012); *See also, In re Dorsey*, 476 B.R. 261, 265-266 (Bankr. C.D. Cal. 2012)).

### IV. Conclusion

Borrowers' actions show a clear intent to hinder, delay and defraud Lender. As a result, relief from stay should be granted, In Rem, binding on the Property in accordance with 11 U.S.C. § 362(d)(4) for a period of two (2) years.

WHEREFORE, Lender requests that the relief requested in its Motion be granted.

SCHEER LAW GROUP, LLP

Dated: March 7, 2016          /s/ REILLY WILKINSON
                              #250086

3