# REAL PROPERTY DECLARATION

I, (*print name of Declarant*) KARIN MURPHY _____, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    a. ☐ I am the Movant.

    b. ☐ I am employed by Movant as (*state title and capacity*):

    c. ☒ Other (*specify*): I am an Assistant Vice President of BSI. BSI has Power of Attorney to sign on behalf of Movant, which holds a secured lien on the subject property. A copy of the Limited Power of Attorney is attached hereto as Exhibit 1. BSI is also the servicer of the subject loan.

2. a. ☒ I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant. These books, records and files were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the actions, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐ Other (*see attached*):

3. The Movant is:

    a. ☒ Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct copy of the note, with affixed allonges/indorsements, is attached as Exhibit ___2___.

    b. ☒ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the recorded security instrument and assignments are attached as Exhibit 3 & 4 .

    c. ☐ Servicing agent authorized to act on behalf of the:
        ☐ Holder.
        ☐ Beneficiary.

    d. ☐ Other (*specify*):

4. a. The address of the Property is:

    *Street address*: 16590 Malaga Court
    *Unit/suite no.*:
    *City, state, zip code*: Fontana, CA 92336

    b. The legal description of the Property or document recording number (including county of recording) set forth in the Movant's deed of trust is:

    Document Recording No. 2009-0094267; San Bernardino County

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 6                                    F 4001-1.RFS.RP.MOTION

5. Type of property (*check all applicable boxes*):

    a. ☐ Debtor's principal residence      b. ☒ Other residence
    c. ☐ Multi-unit residential      d. ☐ Commercial
    e. ☐ Industrial      f. ☐ Vacant land
    g. ☐ Other (*specify*):

6. Nature of the Debtor's interest in the Property:

    a. ☐ Sole owner
    b. ☐ Co-owner(s) (*specify*):
    c. ☐ Lienholder (*specify*):
    d. ☒ Other (*specify*):

Carlos Deleon and Yesenia Salazar are the original borrowers on the loan secured by the subject Property ("Original Borrowers"). Original Borrowers allegedly transferred a 5% "interest" in the subject Property to Debtor without Lender's authorization or knowledge. A copy of the notification and Grant Deed are attached hereto as Exhibit "5" and incorporated herein by reference.

    e. ☒ The Debtor ☐ did ☒ did not list the Property in the Debtor's schedules.

    f. ☒ The Debtor acquired the interest in the Property by ☒ grant deed ☐ quitclaim deed ☐ trust deed.

        The deed was recorded on (*date*) Grant Deed is not recorded.

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other (*specify*) _____ that encumbers the Property.

    a. ☒ A true and correct copy of the document as recorded is attached as Exhibit __3__.

    b. ☒ A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit __2__.

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit __4__.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 144,940.08 | $ 0.00 | $ 144,940.08 |
| b. | Accrued interest: | $ 48,915.36 | $ 0.00 | $ 48,915.36 |
| c. | Late charges | $ 3,739.90 | $ 0.00 | $ 3,739.90 |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ 6,366.01 | $ 1,020.00 | $ 7,386.01 |
| e. | Advances (property taxes, insurance): | $ 15,199.16 | $ 0.00 | $ 15,199.16 |
| f. | Less suspense account or partial balance paid: | $[0.00        ] | $[0.00        ] | $[0.00        ] |
| g. | TOTAL CLAIM as of (*date*): 01/20/2016 | $ 219,160.51 | $ 1,020.00 | $ 220,180.51 |

    h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action has occurred*):

    a. Notice of default recorded on (*date*) 3/26/2015 ___ or ☐ none recorded.

    b. Notice of sale recorded on (*date*) 8/4/2015 ___ or ☐ none recorded.

    c. Foreclosure sale originally scheduled for (*date*) 9/10/2015 ___ or ☐ none scheduled.

    d. Foreclosure sale currently scheduled for (*date*) 3/10/2016 ___ or ☐ none scheduled.

    e. Foreclosure sale already held on (*date*) _____ or ☒ none held.

    f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 7                                    F 4001-1.RFS.RP.MOTION

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:

    a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

    b.  Number of payments that have come due and were not made: _____. Total amount: $_____

    c.  Future payments due by time of anticipated hearing date (*if applicable*):

        An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

    d.  The fair market value of the Property is $_____, established by:

        (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

        (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

        (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

        (4) ☐ Other (*specify*):

    e.  **Calculation of equity/equity cushion in Property:**

        Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | | $ | $ |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT**: $ | | | |

    f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

        (1) ☐ Preliminary title report.

        (2) ☐ Relevant portions of the Debtor's schedules.

        (3) ☐ Other (*specify*):

    g.  ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
        I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $_____ and is _____% of the fair market value of the Property.

    h.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
        By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

 **F 4001-1.RFS.RP.MOTION**

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☒ (*Chapter 12 and 13 cases only*) Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: 2/26/2016 .
A plan confirmation hearing currently scheduled for (or concluded on) the following date: 4/7/2016 .
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| 1 | | $ 1,302.69 | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

*This is a fraudulent grant deed transfer case. Relief is sought due to bad faith allegations.*

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:            $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                        $ 1,020.00
(*For details of type and amount, see Exhibit  6    *)

f. Less suspense account or partial paid balance:                    $[                    ]

   TOTAL POSTPETITION DELINQUENCY:                                  $ 2,322.69

g. Future payments due by time of anticipated hearing date (*if applicable*): 3/1/2016 .
An additional payment of $ 1,302.69 will come due on 3/1/2016 , and on the 1st day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):

$_____ received on (*date*) _____
$_____ received on (*date*) _____  Note: No postpetition payments have been made.
$_____ received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (*date*) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (*date*) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☒ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☒ Other (*specify*):
       See attached continuation page.

18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    a. ☒ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

    b. ☒ Multiple bankruptcy cases affecting the Property include:

        1. Case name: Ysenia Salazar
           Chapter: 7    Case number: 6:15-bk-19383-MW
           Date filed: 09/24/2015    Date discharged: n/a    Date dismissed: 10/15/2015
           Relief from stay regarding the Property ☐ was ☒ was not granted.

        2. Case name: _____
           Chapter: _____    Case number: _____
           Date filed: _____    Date discharged: _____    Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

        3. Case name: _____
            Chapter: _____    Case number: _____
           Date filed: _____    Date discharged: _____    Date dismissed: _____
           Relief from stay regarding the Property ☐ was ☐ was not granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

19. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

   a. ☐ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/1/2016 | Karin Murphy | _Karin Murphy_ |
| Date | Printed name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

June 2014                              Page 11                              F 4001-1.RFS.RP.MOTION

## CONTINUATION PAGE TO DECLARATION OF KARIN MURPHY

1.    On January 20, 2016, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code.

2.    Carlos Deleon and Yesenia Salazar are the borrowers on the loan secured by the subject Property ("**Original Borrowers**") which is the subject of this Declaration and Motion for Relief from the Automatic Stay.   This motion relates to the real Property located at 16590 Malaga Court, Fontana, CA 92336 ("**Property**").

3.    Lender had originally filed its Notice of Default on March 26, 2015, and had scheduled its foreclosure sale to take place on January 21, 2016 ("**Sale**").  As a result of this bankruptcy, the Sale has been continued until March 10, 2016.

4.    On the morning of January 21, 2016, the day the Sale was scheduled to take place, Lender was informed by the foreclosure trustee that a facsimile transmission was received earlier that same day that provided notice of the unauthorized transfer, which supposedly affected the Property ("**BK Notice**").  According to the BK Notice in Lender's file, on or about January 18, 2016, Original Borrowers allegedly executed a Grant Deed transferring a 5% "interest" in the subject Property to the Debtor.  This transfer was done without Lender's knowledge or authorization.  The Grant Deed is not recorded.  A copy of the BK Notice including all attachments is attached as Exhibit "5".

5.    This is the second (2nd) bankruptcy filing supposedly affecting the subject Property since September, 2015.  A description of the previous bankruptcy is as follows:
**FIRST BANKRUPCTY, 6:15-bk-19383-MW**

6.    On September 24, 2015, Original Borrower, Ysenia Salazar, filed a Petition under Chapter 7 of the Bankruptcy Code, Case No. 6:15-bk-19383-MW ("**First Bankruptcy**").  Debtor was dismissed on October 15, 2015 before Lender could file a Motion for Relief.  A copy of the Dismissal Order is attached hereto as Exhibit "7."

7.    It appears that Original Borrowers' unauthorized transfers of the Property, the previous bankruptcy filing and this bankruptcy filing were part of a scheme to delay, hinder, or defraud Lender and other creditors.

1

1          I declare under penalty of perjury under the laws of the United States of America

2  that the foregoing is true and correct and that this Declaration was executed on

3  March 1 , 2016 , at IRVING, Texas *(city, state)*.

4

5                        _____

6                    KARIN MURPHY

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Prepared by:

When recorded return to:
BSI Financial Services

[_____]
[_____]
[_____]

## LIMITED POWER OF ATTORNEY

     This Limited Power of Attorney is made in connection with that certain Sub-Servicing or Servicing Agreement by and between ___CAM IX Trust___ (the "Owner") and Servis One, Inc. a Delaware corporation, licensed as Servis One, Inc. in Florida and licensed as Servis One, Inc. d/b/a/ BSI Financial Services, in all other jurisdictions in which business is conducted (the "Servicer") dated as of ___9/16/2014___ (the "Servicing Agreement").

     Owner hereby makes, constitutes and appoints Servicer for Owner's benefit and in Owner's name, place, and stead, as Owner's true and lawful attorney-in-fact, with full power of substitution, to act in any manner necessary and proper to exercise the servicing and administrative powers set forth in the Servicing Agreement with respect to those loans and REO properties the servicing for which has been transferred to the Servicer pursuant to the terms of the Servicing Agreement. Such powers include the authority to execute the following documents:

1. Mortgage and trust deed assignments;
2. Note endorsements and allonges;
3. Substitutions of trustee;
4. Deeds of conveyance (including, without limitation, warranty deeds, grant deeds and quitclaim deeds);
5. Trust deed reconveyance and mortgage release documents;
6. Partial releases and subordination agreements;
7. Affidavits (including, without limitation, lost note affidavits, military affidavits and affidavits of indebtedness);
8. Powers of attorney (i) concerning any process related to effecting a lien release upon payment of a loan in full, or (ii) used to process any foreclosure, bankruptcy or other related activity concerning a loan in default;
9. HUD-1 settlement statements;
10. Endorsement of insurance claim proceeds checks;
11. Insurance claims and filings;
12. Approved, standard hold harmless agreements regarding payment of property insurance proceeds to Servicer for the benefit of the Owner or to the Owner;
13. Documents in connection with any bankruptcy (including, without limitation, Bankruptcy Declaration in support of Motions for Relief from Stay);
14. Contracts and purchase agreements for sale of real estate;
15. Settlement agreements, consent judgments, stipulated dismissals, stipulations and releases, as may be necessary; and

EXHIBIT "1"

16. All other normal and customary documents related to the foreclosure and/or sale of real estate.

Owner gives said Attorney-in-Fact full power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the limited power or powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and does hereby ratify and confirm to all that this Limited Power of Attorney is effective as of the date hereof.

Owner will not be responsible for inspection of any items being executed pursuant to this Limited Power of Attorney and as such, is relying upon the Servicer to undertake whatever procedures may be necessary to confirm the accuracy of such items.

Any third party may rely upon a copy of this Limited Power of Attorney, to the same extent as if it were an original, and shall be entitled to rely on a writing signed by the Servicer to establish conclusively the identity of a particular right, power, capacity, asset, liability, obligation, property, loan or commitment of Servicer for all purposes of this Limited Power of Attorney.

Servicer shall not be obligated to furnish a bond or other security in connection with its actions hereunder.  Servicer hereby agrees to indemnify and hold Owner and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Servicing Agreement.

Owner authorizes Servicer, by and through any of its directors or officers, or any other employee who is duly authorized by Servicer to certify, deliver and/or record copies and originals of this Limited Power of Attorney.  Servicer's employees executing such documents in the name of Owner necessary to properly service and administer mortgage loans must hold the office of Document Executing Officer or Assistant Vice President or higher.

If any provision of this Limited Power of Attorney shall be held invalid, illegal or unenforceable, the validity, legality or enforceability of the other provisions hereof shall not be affected thereby.  This Limited Power of Attorney is entered into and shall be governed by the laws of the State of Texas without regard to conflicts of law principles of such state.

[signature page follows]

2

IN WITNESS WHEREOF,(OWNER's NAME) _CAM IX Trust_, as Owner has caused this Limited Power of Attorney to be executed by its duly authorized representative as of _December 8_, 20 _14_.

[Owner]

By: _____

Name: _James A. Heirrich_

Title: _member_

STATE OF _____

COUNTY OF _____

Before me, _____(insert the name and character of the officer) a notary public licensed in this state, on this day personally appeared _____(name)(Title) _____ of _____(Corporation), known to me (or proved to me on the oath of _____ or through _____(description of identity card or other document )) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same.

Given under my hand and seal of this office this _____ day of _____,

_____

(Personalized Seal)                    Notary Public's Signature

_____

*\* Correct CA Notary Acknowledgement attached.*

3

# ACKNOWLEDGMENT

State of California
County of _____Los Angeles_____)

On _December 8, 2014_ before me, _Megan Starr_
                                    (insert name and title of the officer)

personally appeared ___James A. Helfrich_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Megan Ann Starr_    (Seal)

MEGAN ANN STARR
Commission # 2086927
Notary Public - California
Los Angeles County
My Comm. Expires Oct 20, 2018

*Deloen*

MIN: ` `..                      **NOTE**      Loan Number:

| FHA CASE NO. |
|---|
| 048-5169388-703 |

FEBRUARY 26, 2009          ROLLING MEADOWS           ILLINOIS
[Date]                           [City]                          [State]

        16590 MALAGA COURT, FONTANA, CALIFORNIA 92336
                        [Property Address]

## 1.  PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns.
"Lender" means PLATINUM HOME MORTGAGE CORPORATION, AN ILLINOIS
CORPORATION                                      and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of
ONE HUNDRED FORTY-SEVEN THOUSAND TWO HUNDRED EIGHTY-THREE AND 00/100
Dollars (U.S.$ 147,283.00    ), plus interest, to the order of Lender.  Interest will be charged on unpaid
principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE AND
500/1000                              percent (    5.500 %) per year until the full
amount of principal has been paid.

## 3.  PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated
the same date as this Note and called the "Security Instrument."  The Security Instrument protects the Lender from
losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT
### (A)  Time
Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
APRIL 1, 2009                    . Any principal and interest remaining on the first day of
MARCH, 2039                      , will be due on that date, which is called the "Maturity Date."
### (B)  Place
Payment shall be made at 2200 HICKS ROAD, SUITE 101, ROLLING MEADOWS,
ILLINOIS 60008
                    or at such other place as Lender may designate in writing by notice to Borrower.

### (C)  Amount
Each monthly payment of principal and interest will be in the amount of U.S. $ 836.26          .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to
principal, interest and other items in the order described in the Security Instrument.
### (D)  Allonge to this Note for Payment Adjustments
If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants
of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge
were a part of this Note. (Check applicable box.)

☐   Growing Equity Allonge            ☐   Graduated Payment Allonge
☐   Other [specify]

ʃ

---

CALIFORNIA - FHA FIXED RATE NOTE                          DocMagic *eFarma* 800-649-1362
CAFHA.NTE  05/01/08                Page 1 of 4              *www.docmagic.com*

Cafha.nte.xml

EXHIBIT "2"

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.  Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary.  if Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000                    percent (      4.000   %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest.  Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default.  In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.  This Note does not authorize acceleration when not permitted by HUD regulations.  As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law.  Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7. GROUNDS FOR ACCELERATION OF DEBT

### (A) Default

Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by the Security Instrument and due under this Note if:
  (i) Borrower defaults by failing to pay in full any monthly payment required by this Note and the Security Instrument prior to or on the due date of the next monthly payment, or
  (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in the Security Instrument securing this Note.

### (B) Sale Without Credit Approval

Lender shall, if permitted by applicable law (including section 341 (d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j - 3(d)) and with the prior approval of the Secretary, require immediate payment in full of all the sums due under this Note and secured by the Security Instrument if:
  (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and
  (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

### (C) No Waiver

If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

### (D) Regulations of HUD Secretary

In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Note and the Security Instrument do not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

CALIFORNIA - FHA FIXED RATE NOTE
CAFHA.NTE  05/01/08                    Page 2 of 4                    DocMagic *eFerms* 800-649-1362
www.docmagic.com

Cafha.nte.xml

(E)   Mortgage Not Insured

Borrower agrees that if the Security Instrument and this Note are not determined to be eligible for insurance under the National Housing Act within 6 0 DAYS                                   from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by the Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 6 0 DAYS from the date hereof, declining to insure the Security Instrument and this Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

## 8.   WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor.   "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 9.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 10. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

CALIFORNIA - FHA FIXED RATE NOTE
CAFHA.NTE  05/01/08                                    Page 3 of 4                        DocMagic *eForms* 800-649-1362
www.docmagic.com

Cafha.nte.xml

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 4 of this Note.

_____ (Seal)
CARLOS DELEON          -Borrower

_____ (Seal)
YESENIA SALAZAR          -Borrower

PAY TO THE ORDER OF
Secretary of Housing and Urban Development of
Washington D.C., and his/her successors and assigns
WITHOUT RECOURSE          _____ (Seal)
BANK OF AMERICA, N.A.          -Borrower

BY _Michele Siolander_
MICHELE SIOLANDER
SENIOR VICE PRESIDENT          _____ (Seal)
                                            -Borrower

WITHOUT RECOURSE PAY TO THE ORDER OF

Countrywide Bank, FSB

THIS   9TH DAY OF MARCH 2009

PLATINUM HOME MORTGAGE CORPORATION

SHARON GRADY, AVP CLOSING OPERATIONS

PAY TO THE ORDER OF
BANK OF AMERICA, N.A.
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB

BY _____
LAURIE MEDER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF
CAM IX TRUST
Without Recourse
Secretary of Housing and Urban Development

By Corona Asset Management IX, LLC
its Attorney in Fact
Gary W. McCarthy, Member

*[Sign Original Only]*

CALIFORNIA - FHA FIXED RATE NOTE
CAFHA.NTE 05/01/08                    Page 4 of 4

DocMagic eForms 800-649-1362
www.docmagic.com

Cafha.nte.xml

**Lawyers Title**

2 P&



Recorded in Official Records, County of San Bernardino

**LARRY WALKER**
Auditor/Controller — Recorder

626 Southland Title of Burbank

3/05/2009
1:00 PM
LJ

Doc#: **2009-0094267**

Titles: 1        Pages: 9

Recording Requested By:

PLATINUM HOME MORTGAGE
CORPORATION

| Fees | 36.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $36.00 |

And After Recording Return To:

PLATINUM HOME MORTGAGE CORPORATION
2200 HICKS ROAD, SUITE 101
ROLLING MEADOWS, ILLINOIS 60008
Loan Number:

19090166
0190-101-22-0-000

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

| FHA CASE NO. |
| --- |
| 048-5169388-703 |

**MIN:** 1

THIS DEED OF TRUST ("Security Instrument") is made on  FEBRUARY 26, 2009
The trustor is CARLOS DELEON AND YESENIA SALAZAR, HUSBAND AND WIFE AS
JOINT TENANTS

("Borrower").

The trustee is LAWYERS TITLE

("Trustee").

The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as
hereinafter defined, and Lender's successors and assigns).  MERS is organized and existing under the laws of
Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
PLATINUM HOME MORTGAGE CORPORATION, AN ILLINOIS CORPORATION

("Lender")

is organized and existing under the laws of  ILLINOIS
and has an address of 2200 HICKS ROAD, SUITE 101, ROLLING MEADOWS,
ILLINOIS 60008
Borrower owes Lender the principal sum of ONE HUNDRED FORTY-SEVEN THOUSAND TWO
HUNDRED EIGHTY-THREE AND 00/100          Dollars (U.S. $ 147,283.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides
for monthly payments, with the full debt, if not paid earlier, due and payable on MARCH 1, 2039
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest,
and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest,
advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's
covenants and agreements under this Security Instrument and the Note.  For this purpose, Borrower irrevocably
grants and conveys to Trustee, in trust, with power of sale, the following  described property located in
          SAN BERNARDINO    County, California:
LOT 10 OF TRACT NO. 10444, IN THE CITY OF FONTANA, COUNTY OF SAN
BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
151, PAGE(S) 54 AND 55, OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.
A.P.N.: 0190-101-22-0-000

---

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08

Page 1 of 9

*DocMagic* eForms 800-649-1362
www.docmagic.com

Cadotz.fha.xml

EXHIBIT "3"

which has the address of  16590 MALAGA COURT

[Street]

FONTANA                    , California        92336          ("Property Address"):

[City]                                          [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08                    Page 2 of 9          DocMagic *eForms* 800-649-1362
www.docmagic.com

Cadotz.fha.xml

are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.    **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4.    **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.    **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08                                 Page 3 of 9                          DocMagic *eForms* 800-649-1362
                                                                                          www.docmagic.com

Cadotz.fha.xml

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

   (a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

      (ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

   (b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

      (i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

      (ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

   (c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

   (d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08                                Page 4 of 9                          DocMagic *eRorms* 800-649-1362
www.docmagic.com

Cadotz.fha.xml

paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within   60 DAYS from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to    60 DAYS                     from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply

---

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA 11/01/08                    Page 5 of 9                    DocMagic *eFarms* 800-649-1362
                                                                      www.docmagic.com

to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

### NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08                      Page 6 of 9                      DocMagic *eForms* 800-649-1362
www.docmagic.com

Cadotz.fha.xml

in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

    **19. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law. If the fee charged does not exceed the fee set by applicable law, the fee is conclusively presumed to be reasonable.

    **20. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

    **21. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by applicable law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

    **22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)].

| | | |
|---|---|---|
| ☐ Condominium Rider | ☐ Graduated Payment Rider | ☐ Growing Equity Rider |
| ☐ Planned Unit Development Rider | ☐ Adjustable Rate Rider | ☐ Rehabilitation Loan Rider |
| ☐ Non-Owner Occupancy Rider | ☐ Other [Specify] | |

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08                                    Page 7 of 9                    DocMagic *eForms* 800-649-1362
                                                                                        www.docmagic.com

Cadotz.fha.xml

The undersigned Borrower requests that a copy of any Notice of Default and any Notice of Sale under this Security Instrument be mailed to the Borrower at the address set forth above. A copy of any Notice of Default and any Notice of Sale will be sent only to the address contained in this recorded request. If the Borrower's address changes, a new request must be recorded.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 9 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
CARLOS  DELEON                    -Borrower

_____ (Seal)
YESENIA  SALAZAR                  -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

Witness:                         Witness:

_____        _____

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08                    Page 8 of 9

DocMagic *eForms* 800-649-1362
www.docmagic.com

Cadotz.fha.xml

----------------------- [Space Below This Line For Acknowledgment] -----------------------

State of California          )
                      ) ss.
County of _San Bernardino_   )

On _Feb. 27, 2009_ before me, _Debra DeKoning, notary public_

personally appeared _CARLOS DELEON AND YESENIA SALAZAR_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

DEBRA DEKONING
COMM. # 1798828
NOTARY PUBLIC - CALIFORNIA
SAN BERNARDINO COUNTY
COMM. EXPIRES MAY 22, 2012

_Debra DeKoning_
NOTARY SIGNATURE

_Debra DeKoning_
(Typed Name of Notary)

         NOTARY SEAL

FHA CALIFORNIA DEED OF TRUST - MERS
CADOTZ.FHA  11/01/08          Page 9 of 9         DocMagic eForms 800-649-1362
                                                          www.docmagic.com

Cadotz.fha.xml

RECORDING REQUESTED BY:
BANK OF AMERICA, N.A.

**WHEN RECORDED MAIL TO:**
Bank of America, N.A.
Document Processing Mail Code:
TX2-979-01-19
4500 Amon Carter Blvd,
Fort Worth, TX 76155
Attn: Assignment Unit
 Doc # 7

This Space for Recorder's Use Only

TITLE OF DOCUMENT:

# Corrective
# Corporation Assignment of Deed of Trust

\*\*This Assignment is being recorded to correct the previously recorded Corporation Assignment of Deed of Trust that recorded on 6/21/2011 as Instrument Number 2011-0250946 Book N/A Page N/A in the County Recorder's Office of SAN BERNARDINO County, State of CALIFORNIA.
To correct instrument number of the Deed of Trust being assigned of the erroneously recorded Assignment. \*\*

THIS SPACE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

➤ 059-TITLE PAGE (R7/95)

EXHIBIT " 4 "

Recording requested by:

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR PLATINUM HOME
MORTGAGE CORPORATION, AN
ILLINOIS CORPORATION, ITS
SUCCESSORS AND ASSIGNS

When recorded mail to:
BANK OF AMERICA, N.A.
DOCUMENT PROCESSING MAIL
CODE:TX2-979-01-19
4500 AMON CARTER BLVD
FORT WORTH, TX 76155
Attn: ASSIGNMENT UNIT

---

CORRECTIVE CORPORATION ASSIGNMENT OF DEED OF TRUST

Doc. ID#

Commitment

For Value Received, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR PLATINUM HOME MORTGAGE CORPORATION, AN ILLINOIS CORPORATION, ITS
SUCCESSORS AND ASSIGNS, 1901 E VOORHEES ST, STE C, DANVILLE, IL 61834,
hereby assigns and transfers to BAC HOME LOANS SERVICING LP, FKA COUNTRYWIDE
HOME LOANS SERVICING LP 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063 all its
rights, title and interest in and to a certain Deed of Trust dated 2/26/09,
executed by: CARLOS DELEON and YESENIA SALAZAR, Trustor as per TRUST DEED
recorded as Instrument No. 2009-0094267 on 3/05/09 in Book N/A Page N/A of
official records in the County Recorder's Office of SAN BERNARDINO County,
CALIFORNIA.
   The Trustee is LAWYERS TITLE.
Tax Parcel =   0190-101-22-0-000
Original Mortgage $147,283.00
16590 MALAGA COURT, FONTANA, CA 92336

CORRECTIVE CORPORATION ASSIGNMENT OF DEED OF TRUST

Doc. ID#  
Commitment# _____

Dated: 02/05/2015        MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR PLATINUM HOME MORTGAGE CORPORATION, AN
ILLINOIS CORPORATION, ITS SUCCESSORS AND ASSIGNS

By_____
   LIZA SUMADSAD, ASSISTANT SECRETARY .

State of California
County of Ventura

On 02/05/2015 before me, J.M. SOTO , Notary Public, personally appeared LIZA
SUMADSAD, who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature:_____
   J.M. SOTO, Notary Public

Prepared by: LIZA SUMADSAD
1800 TAPO CANYON ROAD
SIMI VALLEY, CA 93063
Phone#: (213) 345-1379
MIN: .
MERS Phone: 1-888-679-6377

(2)

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ Ventura _____ )

On _____ February 5, 2015 _____ before me, ___ J.M. Soto  -Notary Public _____
(insert name and title of the officer)

personally appeared ____ Liza Sumadsad _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

J. M. SOTO
COMM. # 2059659
NOTARY PUBLIC • CALIFORNIA
VENTURA COUNTY
My Commission Expires
March 2, 2018

Recorded in Official Records, County of San Bernardino                    11/17/2014
                                                                          10:08 AM
## DENNIS DRAEGER                                                         BS
ASSESSOR – RECORDER – CLERK                                               SAN

R **Regular Mail**

Recording requested by:

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP FKA
COUNTRYWIDE HOME LOANS
SERVICING, LP

When recorded mail to:
CAM IX TRUST
2015 MANHATTAN BEACH BLVD
SUITE 200
REDONDO BEACH, CA 90278
Attn: SHARON CHASE

Doc#: **2014-0439597**     Titles: 1     Pages: 2

| | |
|---|---|
| Fees | 28.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $28.00 |

## CORPORATION ASSIGNMENT OF DEED OF TRUST
Doc. ID#
Commitment# 11111

For value received, the undersigned, BANK OF AMERICA, N.A., SUCCESSOR BY
MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING,
LP, 1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063, hereby grants, assigns and
transfers to:
   SECRETARY OF HOUSING AND URBAN DEVELOPMENT
   451 7TH STREET, S.W., WASHINGTON, D.C. 20410

All beneficial interest under that certain Deed of Trust dated 2/26/09,
executed by: CARLOS DELEON and YESENIA SALAZAR, Trustor as per TRUST DEED
recorded as Instrument No. 2009-0094267 on 3/05/09 in Book NA Page NA of
official records in the County Recorder's Office of SAN BERNARDINO County,
CALIFORNIA.
   The Trustee is LAWYERS TITLE.
Tax Parcel = 0190101220000
Original Mortgage $147,283.00
16590 MALAGA COURT, FONTANA, CA 92336

Together with the Note or Notes therein  described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Deed of Trust.

CORPORATION ASSIGNMENT OF DEED OF TRUST
Doc. ID#
Commitment# 11111

Dated: 09/29/2014       BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME
                        LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS
                        SERVICING, LP

                        By _____
                        YONG LY, ASSISTANT VICE PRESIDENT

State of California
County of Ventura

On 09/29/2014 before me, SHANNON M MAYFIELD , Notary Public, personally
appeared YONG LY, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____
           SHANNON M MAYFIELD, Notary Public

Prepared by: YONG LY
1800 TAPO CANYON ROAD
SIMI VALLEY, CA 93063
Phone#: (213) 345-0511

SHANNON M. MAYFIELD
Commission # 2002964
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2017

Recorded in Official Records, County of San Bernardino



**DENNIS DRAEGER**

ASSESSOR – RECORDER – CLERK

11/17/2014
10:08 AM
BS
SAN

**R** Regular Mail

Recording requested by:

SECRETARY OF HOUSING AND
URBAN DEVELOPMENT BY CORONA
ASSET MANAGEMENT IX, LLC, ITS
ATTORNEY IN FACT

When recorded mail to:
CAM IX TRUST
2015 MANHATTAN BEACH BLVD
SUITE 200
REDONDO BEACH, CA 90278
Attn: SHARON CHASE

Doc#: **2014−0439598**

| Titles: 1 | Pages: 2 |
| --- | --- |
| Fees | 28.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $28.00 |

---

## CORPORATION ASSIGNMENT OF DEED OF TRUST
Doc. ID#
Commitment# 11111

For value received, the undersigned, SECRETARY OF HOUSING AND URBAN
DEVELOPMENT BY CORONA ASSET MANAGEMENT IX, LLC, ITS ATTORNEY IN FACT, 451 7TH
STREET, S.W., WASHINGTON, D.C. 20410, hereby grants, assigns and transfers
to:
CAM IX TRUST
2015 MANHATTAN BEACH BLVD SUITE 200, REDONDO BEACH, CA 90278

All beneficial interest under that certain Deed of Trust dated 2/26/09,
executed by: CARLOS DELEON and YESENIA SALAZAR, Trustor as per TRUST DEED
recorded as Instrument No. 2009-0094267 on 3/05/09 in Book NA Page NA of
official records in the County Recorder's Office of SAN BERNARDINO County,
CALIFORNIA.
  The Trustee is LAWYERS TITLE.
Tax Parcel = 0190101220000
Original Mortgage $147,283.00
16590 MALAGA COURT, FONTANA, CA 92336

Together with the Note or Notes therein  described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Deed of Trust.

Dated: __10/20/14__          Secretary of Housing and Urban Development by
                              Corona Asset Management IX, LLC, its attorney in fact

                              _____

                              By: Gary W. McCarthy, Member


State of         California         ) ss
County of        Los Angeles        )

On __10/20/14__, before me, **Stephen Huff**, Notary Public, personally appeared Gary W. McCarthy,
who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed
to the within instrument and acknowledged to me that he executed the same in his authorized
capacity, and that by his signature on the instrument the person, or the entity upon behalf of which
the person acted, executed the instrument.

I certify UNDER PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)



STEPHEN HUFF
Commission # 2001341
Notary Public - California
Los Angeles County
My Comm. Expires Dec 17, 2016

# PLEASE STOP SALE

## SALE DATE:   THURSDAY, JANUARY 21, 2016 AT 12:00 P.M.

## TRUSTEE SALE # 2015-02736

## ASAP NUMBER:

## BANKRUPTCY CASE # 2:16-bk-10699-NB

## PROPERTY ADDRESS:

## CARLOS DELEON AND YESENIA SALAZAR

## 16590 MALAGA COURT FONTANA, CA 92336

## APN: 0190-101-22-0-000      SAN BERNARDINO COUNTY

## ENTRA DEFAULT SOLUTIONS, LLC FAX NUMBER:

## (925) 566-5180

## AGENCY SALES AND POSTING FAX NUMBER:

## (714) 247-7568

## PLEASE STOP SALE

EXHIBIT "5"

RECORDING REQUESTED BY: CARLOS DELEON AND YESENIA SALAZAR
WHEN RECORDED MAIL THIS DEED AND, UNLESS OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:
Name: ELIZABETH VAZQUEZ
Street Address: 16590 MALAGA COURT
City
State FONTANA, CA 92336
& Zip
Title Order No.: Escrow No.:

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# Grant Deed

The undersigned Grantor(s) declare(s)
    DOCUMENTARY TRANSFER TAX IS $Zero (0)

"This is a bonafide gift and the grantor
received nothing in return, R&T 11911"

[■] Computed on Full Value of the Interest or property conveyed, or

[ ] Computed on full value less value of liens or encumbrances remaining at time of sale,

[ ] Unincorporated Area     City of FONTANA
    Parcel No.: 0190-101-22-0-000

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
CARLOS DELEON AND YESENIA SALAZAR, HUSBAND AND WIFE, AS JOINT TENANTS,

Hereby GRANT(s) to:
ELIZABETH VAZQUEZ, as to a Five percent (5%) interest as a tenant in common.

The following described real property in the County of SAN BERNARDINO, State of California
SEE "EXHIBIT A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE FOR LEGAL DESCRIPTION
COMMONLY KNOWN AS: 16590 MALAGA COURT FONTANA, CA 92336

Dated: _January 18, 2016_

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

_____
CARLOS DELEON

STATE OF CALIFORNIA     _San Bernardino_

COUNTY OF _____

On _January 18, 2016_ _____ before me, _____

_____
YESENIA SALAZAR

_Jazmin Jara_
_____, A Notary Public, personally

appeared _Carlos DeLeon and Yesenia Salazar_
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JAZMIN JARA
Commission # 2109808
Notary Public - California
San Bernardino County
My Comm. Expires May 2, 2019

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

Name                     Street Address                    City & State

# EXHIBIT A

LOT 10 OF TRACT NO. 10444, IN THE CITY OF FONTANA, COUNTY OF SAN
BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK
151, PAGE(S) 54 AND 55, OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY.
A.P.N.: 0190-101-22-0-000

United States Bankruptcy Court
Central District of California

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 01/20/2016 at 12:22 PM and filed on 01/20/2016.

**FILED**

**01/20/2016**

**Elizabeth Vazquez**
2057 E Oris St
Compton, CA 90222
SSN / ITIN: xxx-xx-9670


The bankruptcy trustee is:

**Kathy A Dockery (TR)**
700 S. Flower Street, Suite 1950
Los Angeles, CA 90017
(213) 996-4400

The case was assigned case number 2:16-bk-10699-NB to Judge Neil W. Bason.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited
to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you
attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.
Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 255 East Temple
Street,. Los Angeles, CA 90012.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**Kathleen J. Campbell
Clerk, U.S. Bankruptcy
Court**

Electronically Recorded in Official Records, County of San Bernardino

**BOB DUTTON**
ASSESSOR - RECORDER - CLERK
90B  Old Republic Ntnl Ins Title Co

8/04/2015
01:33 PM
CA

Doc #: **2015-0332842**    Titles: 1    Pages: 2

| Fees | 28.00 |
|---|---|
| Taxes | .00 |
| Other | .00 |
| PAID | 28.00 |

RECORDING REQUESTED BY
Entra Default Solutions, LLC

AND WHEN RECORDED MAIL TO:
Entra Default Solutions, LLC
1355 Willow Way, Suite 115
Concord, California 94520

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 2015-02736    Loan No.:
A.P.N.: 0190-101-22-0-000

## NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**[PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO ABOVE
IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES
PROVIDED TO THE TRUSTOR.]**

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 2/26/2009. UNLESS
YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A
PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE
PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

**A PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH, CASHIER'S
CHECK/CASH EQUIVALENT** or other form of payment authorized by 2424h(b),  (payable at the time of
sale in lawful money of the United States), will be held by the duly appointed trustee as shown below, of all right,
title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to
a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied,
regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed
of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of
Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial
publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day
of sale.

Trustor: **CARLOS DELEON AND YESENIA SALAZAR, HUSBAND AND WIFE AS JOINT TENANTS**
Duly Appointed Trustee: **Entra Default Solutions, LLC 1355 Willow Way, Suite 115, Concord, California 94520**
Recorded 3/5/2009 as Instrument No. 2009-0094267 in book , page  of Official Records in the office of the Recorder of San Bernardino County, California,
Date of Sale: 9/10/2015 at 12:00 PM
Place of Sale:     At the North Arrowhead Avenue entrance to the County Courthouse, 351 North Arrowhead Avenue, San Bernardino, CA 92401
Amount of unpaid balance and other charges: $217,239.43
Street Address or other common designation of real property:     **16590 MALAGA COURT FONTANA, CALIFORNIA 92336**

A.P.N.: 0190-101-22-0-000
The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. **We are attempting to collect a debt and any information we obtain will be used for that purpose.**

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 or visit this Internet Web site www.servicelinkASAP.com, using the file number assigned to this case 2015-02736. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: 7/31/2015                              **Entra Default Solutions, LLC**


                                             **June Christy, Sr. Vice President**

## EXHIBIT "6"

Attorney's fees for preparation and filing of Motion for Relief:        $925.00

Attorney's fees for preparation and filing of Request for Special Notice:    $95.00

Total Attorney's fees:        $1,020.00

EXHIBIT "6"

Form odspa–odspab VAN–21
Rev. 06/2014

# United States Bankruptcy Court
## Central District Of California

### 3420 Twelfth Street, Riverside, CA 92501–3819

## ORDER AND NOTICE OF DISMISSAL FOR
## FAILURE TO FILE SCHEDULES, STATEMENTS AND/OR PLAN

**DEBTOR INFORMATION:**
Ysenia Salazar

**BANKRUPTCY NO.** 6:15–bk–19383–MW

**CHAPTER** 7

**Last four digits of Social–Security or Individual Taxpayer–Identification (ITIN) No(s)., (if any):** xxx–xx–8886
**Employer Tax–Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 10/15/15

**Address:**
16590 Malaga Ct
Fontana, CA 92336

It appearing that the debtor(s) in the above–captioned case has failed to file all the documents required under FRBP 1007 or 3015(b) within 14 days after the filing of the petition and no motion for an order extending the time to file the required documents has been timely filed in accordance with FRBP 1007(a)(5) or 3015(b),

IT IS HEREBY ORDERED THAT:

1) The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed.

2) Any discharge entered in this case is vacated.

3) The Court retains jurisdiction on all issues arising under Bankruptcy Code § 110, 329 and 362.

Dated: October 15, 2015

By the Court,

**Kathleen J. Campbell**
Clerk of Court

(Form odspa–odspab VAN–21) Rev. 06/2014

**10 / EZA**



EXHIBIT "7"